IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLIAM E. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17CV326 |
| | ) | |
| CLERK OF DAVIE COUNTY COURTS, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. Plaintiff names the Davie County Clerk of Courts and Davie County Court Administrator Jane Doe as Defendants. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint.

The most significant problem is that Plaintiff does not set out facts alleging a viable claim for relief. Plaintiff alleges that, while also representing himself in a state court criminal matter, he filed a civil lawsuit in the state courts concerning practices in the jail where he was housed. Plaintiff claims that he filed the suit in open court, with the presiding judge ordering Defendant Doe to provide notary service for Plaintiff's state court complaint and an affidavit of indigency. Plaintiff signed the documents, but did not have an opportunity to review them before being returned to jail. However, he claims that Defendant Doe notarized the affidavit,

but not the complaint, which led to the subsequent dismissal of the complaint. Also, Plaintiff claims that several defense motions he filed in his criminal case were file stamped, but not journalized, and that later civil motions and an amended complaint in the civil suit were also stamped filed, but not journalized. Instead, the Davie County Clerk's Office returned the amended complaint to Plaintiff with a copy of the dismissal of his civil case. Plaintiff claims that a subsequent notice of appeal of the dismissal was not journalized, but also indicates at another point that the appeal in his civil case remained pending after the resolution of his criminal case. As for Plaintiff's criminal case, when Plaintiff later returned to court, the State dropped a felony charge and a more serious misdemeanor charge, while allowing Plaintiff to plead guilty to a minor misdemeanor charge with a sentence of time served.

Plaintiff filed the current suit claiming that the "clandestine policy, practices, or procedures of the clerk and administrators deferring his pro se pleadings adversely affected his self representation and denied him due process and equal protection of [the] law [by] drawling [sic] a line between rich and poor." (Docket Entry 2, § V, ¶ 11.) Plaintiff's Complaint does not describe any "clandestine" acts by Defendants. In fact, all of their alleged actions appear to have occurred openly as part of the normal operations of the state courts. More importantly, Plaintiff does not point to facts establishing an equal protection violation because Plaintiff, who is indigent, does not identify any persons with money treated differently by Defendants in a similar situation. See Morrison v. Garraghty, 239 F.3d 648 (4th Cir. 2001) ("To succeed on an equal protection claim, a plaintiff must first demonstrate

that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.").

Most of Plaintiff's current Complaint appears aimed at raising a claim that Defendants denied him access to the courts. In order to state such a claim, Plaintiff would have to allege facts indicating that Defendants intentionally deprived him of access to the courts. Negligent deprivation does not state a claim under § 1983. Pink v. Lester, 52 F.3d 73, 75-77 (4th Cir. 1995). Plaintiff's current accusations associated with his civil case are consistent with negligence, but not an intentional deprivation of his access to the courts. He claims that a judge directed Defendant Doe to notarize his affidavit of indigency and his original state court civil complaint, but that she notarized only one of the two documents. He sets out no facts supporting a conclusion that her failure to notarize the complaint was intentional, as opposed to negligent, particularly in light of the fact that she was directed to notarize both documents and did notarize the affidavit. Further, the failure to journalize or docket Plaintiff's later filings appears based on the dismissal of his civil suit after the initial failure to notarize the complaint.

Also, "[m]ost federal courts of appeals have imposed an 'injury' requirement on prisoners raising access to courts claims." Strickler v. Waters, 989 F.2d 1375, 1383 n.10 (4th Cir. 1993) (citing cases). To meet the injury requirement, Plaintiff must show that Defendants' actions actually deprived him of the ability to pursue nonfrivolous claims. Lewis v. Casey, 518 U.S. 343, 352-53 (1996). Regarding Plaintiff's criminal case, Plaintiff does not point to any claims he could not raise and cannot show any harm whatsoever given

that he was able to resolve the case with a very favorable plea bargain. As for his civil case, he contends that the state court dismissed the suit because of the lack of notarization, which would normally be a dismissal without prejudice. Plaintiff does not claim that he could not refile the suit with proper notarization. He also alleges that state court judge authorized notary services for him when he made the request. Plaintiff does not explain why he did not refile his state court civil suit with proper verification once he learned of the dismissal or, more particularly, how Defendants prevented him from doing so. Also, one of a series of exhibits supplied by Plaintiff after the filing of his Complaint is a partial judgment which he claims belongs to his state court civil case. (Docket Entry 4, Ex. A-6.) That judgment indicates that whatever suit it is a part of was dismissed for being frivolous. This might indicate the reason for Plaintiff's failure to refile the suit. However, if so, it would also show that the claims he sought to pursue were frivolous. Either the state court dismissed his suit as he contends and he could have refiled it or the state court dismissed it with prejudice for reasons not connected to any failure to have the original complaint notarized, i.e. for being frivolous. In either scenario, Plaintiff could not state any claim for relief in this Court because there was either no injury or no interference with a nonfrivolous claim.

Finally, Plaintiff seeks several types of improper relief. Plaintiff requests damages, which could be proper if he can establish a denial of access and that his state court suit was nonfrivolous. However, his other requests for relief are not proper. Plaintiff seeks a declaratory judgment, but does not specify the nature of the requested relief. Declaratory relief is prospective in nature and not a declaration of past violations. See Mendia v. Garcia,

165 F. Supp. 3d 861, 894 (N.D. Cal. 2016); Michtavi v. Scism, No. 1:12-cv-1196, 2013 WL 37643 (M.D. Pa. Jan. 30, 2013) (unpublished). Plaintiff's allegations all involve past actions by the Defendants and it is not clear what sort of prospective relief he could be seeking given the resolution of his criminal case, the apparent ongoing appeal in his civil suit, and his ability to receive notary services and refile his suit if it was dismissed only for his failure to notarize the complaint as he claims. Plaintiff also seeks the appointment of a special magistrate to investigate the Davie County Clerk of Court's Office. The Court does not perform investigations or appoint special magistrates to do so. Finally, Plaintiff requests alternative dispute resolution or a jury trial as relief. These are means for resolving cases, not relief.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 23rd day of May, 2017.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**